United States District Court
Southern District of Texas
**ENTERED**
June 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Brionne Thome, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-17-2974 |
| | § | |
| Young Men's Christian Association | § | |
| of the Greater Houston Area, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

The question is whether there is substantial evidence to support the claim that Brionne Thome was fired due to pregnancy discrimination in violation of the Civil Rights Act of 1964.[1]

2. *Facts.*

Thome worked as the Youth Development Director of Aquatics for the Young Men's Christian Association of Greater Houston. She was in charge of more than 50 mostly highschool-aged employees.

At a staff meeting in January 2014, she told the other staffing directors that she was pregnant. Coworkers, including her immediate supervisor, inquired about (a) the identity of the father and (b) if she intended to move closer to her family to raise her child. Questions of this tone continued throughout her pregnancy.

As her due date approached, she applied for Family & Medical Leave (FMLA). She also planned to extend her time off by using her unused vacation and sick days. Thome says that on one weekend in June of 2014, she worked for 22 hours fixing errors made on time cards by her staff. By that Sunday, June 15, she claimed

---

[1] 42 U.S.C. § 2000e-2(a)(1); 2000e(k).

exhaustion. She sent all of her employees an email suggesting that they may not get paid depending largely on how she felt. The email was immature, sarcastic, mean, and not in accordance with the YMCA nor employment law policies. One parent of a young employee threatened to sue the YMCA. HR was alerted, and Thome was terminated. Thome filed a complaint with the Equal Employment Opportunity Commission citing pregnancy-based discrimination. She exhausted her administrative remedies and received her letter allowing her to sue on July 26, 2017.

3. *The Statute.*
   *A. Title VII Discrimination*

The law forbids an employer from discharging or discriminating against a person with respect to their compensations, terms, conditions, or privileges of employment because of race, color, religion, sex, or national origin. Sex includes, but is not limited to, pregnancy, childbirth, or related medical conditions.[2]

   *B. Burden Shifting.*

The law furnishes a process.[3] Thome must first establish a *prima facie* case of pregnancy discrimination. Then, the burden shifts to the YMCA, which must produce a legitimate, non-discriminatory reason for its actions. The YMCA is not required to convince the court that it was actually motivated by this reason, it only must raise a genuine fact as to whether or not it discriminated against Thome. Next, Thome must supply the court the evidence that (a) the YMCA intentionally discriminated against her because of her protected status and (b) the offered reason was untrue.

4. *Application.*

Thome has not established a *prima facie* case of pregnancy discrimination. Thome told her supervisors that she was pregnant in January 2014. After this disclosure, she remained employed in the same position, at the same pay rate, by the YMCA until June 2014. And, according to her own testimony, her hours increased.

---

[2] 42 U.S.C. § 2000e(k).

[3] *McDonnell-Douglas v. Green*, 411 U.S. 792, 802 (1973).

Discrimination is prejudicial treatment on the grounds of race, age, religion, or sex. Casual questions surrounding the identity of the father of her unborn child and about her plans after delivery may be invasive or even bothersome; however, they do not rise to discrimination or hostility. Thome supplied no evidence of unjust or prejudicial treatment. She made no complaint about the questions to management or HR until after she was fired. Thome has not sufficiently established a *prima facie* case of pregnancy discrimination. For that reason the inquiry may cease; however, in an abundance of caution the court will proceed.

Second, the YMCA fired Thome because she sent a disruptive, mean-spirited email. On June 23, 2014, HR told Thome that she was fired, supported by written and oral reasons. Thome had been disciplined for her improper communication and was placed on an improvement plan at least once before. Despite having been on the plan, she continued to communicate with her staff in an unsuitable manner. These were the reasons for her termination.

Third, Thome had no facts to suggest that the reason for her termination was her protected status. The coincidence of her being terminated while pregnant is not evidence of discrimination. *Post hoc ergo propter hoc* is vacuous. The named coworkers who asked questions about her pregnancy were not part of the decision to fire her. The person in HR who made the decision to fire her never inquired about her pregnancy nor mentioned it in her recommendation for termination. No causal chain can be inferred.

5. *Conclusion.*

Thome did not establish a *prima facie* case. The Young Men's Christian Association did not wrongfully terminate her in violation of the Civil Rights Act of 1964. Brionne Thome will recover nothing from the Young Men's Christian Association.

Signed on June ___4___, 2019 at Houston, Texas.

Lynn N. Hughes
United States District Judge